# EXHIBIT 1

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___DEKALB___ County

| For Clerk Use Only | |
|---|---|
| Date Filed ___2/4/2021___<br>**MM-DD-YYYY** | Case Number ___21A00551___ |

**Plaintiff(s)**
BARBER, JUNE

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
WILLIAMS, JOHN

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

QUALITY CARRIERS, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

OLD REPUBLIC INSURANCE CO.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Plaintiff's Attorney ___MICHAEL D. HOFFER___  State Bar Number ___359493___  Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____  _____
**Case Number**  **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**2/3/2021 10:35 PM**
**E-FILED**
**BY: Siana Smith**

21A00551

No. _____

**Date Summons Issued and E-Filed**

2/4/2021

_____

Siana Smith_____

Deputy Clerk

Deposit Paid $ _____

**[X ] JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

JUNE BARBER

_____

Plaintiff's name and address

**vs.**

JOHN WILLIAMS

_____

Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

MICHAEL D. HOFFER / HOFFER & WEBB, LLC

Name

3190 N.E. EXPRESSWAY, SUITE 430, CHAMBLEE, GA 30341

Address

404-260-6330                                                        359493

Phone Number                                              Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____                    _____

Defendant's Attorney                              Third Party Attorney

_____                    _____

Address                                                    Address

_____                    _____

Phone No.              Georgia Bar No.        Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐Other

Principal $ TBD _____

Interest $ TBD _____

Atty Fees $ TBD _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for
service appears in the complaint.

E-file summons1-2016

No. **21A00551**

### STATE COURT OF DEKALB COUNTY
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**
2/4/2021

**SUMMONS**

_____
Siana Smith

Deputy Clerk

Deposit Paid $ _____

JUNE BARBER
_____

Plaintiff's name and address

**[ X ] JURY**

**vs.**

OLD REPUBLIC INSURANCE CO.
_____

Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
MICHAEL D. HOFFER / HOFFER & WEBB, LLC

Name
3190 N.E. EXPRESSWAY, SUITE 430, CHAMBLEE, GA 30341

Address
404-260-6330                                         359493

Phone Number                                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____        _____
Defendant's Attorney                              Third Party Attorney

_____        _____
Address                                                  Address

_____        _____
Phone No.              Georgia Bar No.          Phone No.              Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability          Principal $ TBD
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability         Interest $ TBD
☐ Other
                                                            Atty Fees $ TBD

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑ (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

21A00551

No. _____

**Date Summons Issued and E-Filed**

_____2/4/2021____ ~~Siana Smith~~

_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

JUNE BARBER
_____

Plaintiff's name and address

**[ X ] JURY**

**vs.**

QUALITY CARRIERS, INC.
_____

Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:
MICHAEL D. HOFFER / HOFFER & WEBB, LLC
Name
3190 N.E. EXPRESSWAY, SUITE 430, CHAMBLEE, GA 30341
Address
404-260-6330                                    359493
Phone Number                                    Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____          _____
Defendant's Attorney                                Third Party Attorney

_____          _____
Address                                            Address

_____          _____
Phone No.          Georgia Bar No.            Phone No.          Georgia Bar No.

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability          Principal $ TBD
☐ Contract ☐ Medical Malpractice                            _____
☐ Legal Malpractice ☐ Product Liability          Interest $ TBD
☐ Other                                                      _____
                                                    Atty Fees $ TBD
**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☑ (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JUNE BARBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 21A00551 |
| | ) | _____ |
| JOHN WILLIAMS, QUALITY | ) | |
| CARRIERS, INC., OLD REPUBLIC | ) | |
| INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR DAMAGES

COMES NOW, JUNE BARBER ("BARBER" and/or "PLAINTIFF"), Plaintiff in the above-captioned lawsuit and files this Complaint for Damages against JOHN WILLIAMS ("WILLIAMS"), QUALITY CARRIERS, INC. ("QUALITY CARRIERS"), and OLD REPUBLIC INSURANCE CO. ("OLD REPUBLIC"), and showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that took place on February 4, 2019 on I-285 Southbound entry ramp just north of Chamblee Tucker Road in DeKalb County, Georgia.

### PARTIES, JURISDICTION, and VENUE

2.

JUNE BARBER is a citizen and resident of DeKalb County, Georgia.

STATE COURT OF
DEKALB COUNTY, GA.
2/3/2021 10:35 PM
E-FILED
BY: Siana Smith

3.

Defendant JOHN WILLIAMS is an individual who is a citizen of Louisiana and resides at 4546 Avenue D, Zachary, East Baton Rouge County, Louisiana, 70791-3316. Defendant WILLIAMS can be served with process at that address. Once served with process, Defendant WILLIAMS will be subject to the jurisdiction and venue of this Court.

4.

Defendant QUALITY CARRIERS is a foreign corporation existing under the laws of the State of Florida with its principal place of business located at 1208 East Kennedy Boulevard, Suite 132, Tampa, Florida 33602. QUALITY CARRIERS can be served with process through its agent, Corporation Service Company, who is located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092. Once served with process, Defendant QUALITY CARRIERS will be subject to the jurisdiction and venue of this Court.

5.

At all times material hereto, Defendant QUALITY CARRIERS was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Georgia.

6.

At all times material to this action, Defendant QUALITY CARRIERS was a for hire motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit and transport goods in interstate commerce.

7.

At all times material hereto, Defendant QUALITY CARRIERS was and is a motor carrier authorized to operate in the State of Georgia for profit pursuant to one or more permits issued by

the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

8.

Defendant OLD REPUBLIC INSURANCE CO. is a foreign insurance corporation with its State of incorporation and principal place of business being Connecticut. Defendant OLD REPUBLIC can be served with process through its registered agent, The Prentice-Hall Corporation System, 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092. Once served with process, Defendant OLD REPUBLIC will be subject to the jurisdiction and venue of this Court.

9.

OLD REPUBLIC transacts business in the state of Georgia.

10.

This Court has subject matter jurisdiction over the claims asserted in this Complaint.

11.

Defendants are subject to the jurisdiction and venue of this Court.

## **FACTS**

12.

The collision that is the subject of this complaint ("subject collision") and all of the facts set forth below all took place on February 4, 2019 on I-285 Southbound entry ramp just north of Chamblee Tucker Road in DeKalb County, Georgia.

13.

On February 4, 2019, Defendant WILLIAMS was operating a tractor-trailer on I-285 Southbound entry ramp just north of Chamblee Tucker Road in DeKalb County, Georgia.

14.

The tractor-trailer being operated by WILLIAMS was a commercial motor vehicle.

15.

The tractor-trailer being operated by Defendant WILLIAMS was traveling on the I-285 southbound entry ramp on the right lane when he attempted to merge onto the left lane and collided with Plaintiff BARBER's vehicle.

16.

The tractor-trailer being operated by Defendant WILLIAMS was owned by Defendant QUALITY CARRIERS.

17.

The tractor-trailer being operated by Defendant WILLIAMS was under the control of Defendant QUALITY CARRIERS.

18.

In the moments before the collision, Defendant WILLIAMS was not operating the tractor-trailer in a reasonable and prudent manner.

19.

Defendant WILLIAMS is solely responsible for causing the subject collision.

20.

Defendant WILLIAMS is the only person to contribute to causing the subject collision.

21.

No person other than Defendant WILLIAMS contributed to causing the subject collision.

22.

No person other than Defendant WILLIAMS caused the subject collision.

23.

There was nothing that BARBER could have or should have done under the circumstances, to avoid or minimize the collision with WILLIAMS.

24.

Officer Cochran with the DeKalb County Police Department was called to the scene to investigate the subject collision.

25.

Officer Cochran determined that Defendant WILLIAMS' conduct caused the collision.

26.

Officer Cochran determined that Defendant WILLIAMS was solely responsible for causing the subject collision.

27.

Officer Cochran determined that no other person contributed to the collision.

28.

Plaintiff BARBER was seriously injured as a proximate result of the subject collision.

29.

Plaintiff BARBER endured severe and extremely painful personal injuries as a proximate result of the collision with WILLIAMS.

## CLAIMS
## COUNTS I AND II: NEGLIGENCE AND NEGLIGENCE *PER SE*
## OF DEFENDANT WILLIAMS

### 30.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

### 31.

At all times material hereto, Defendant WILLIAMS was a professional driver.

### 32.

At all times material hereto, Defendant WILLIAMS had a commercial driver's license.

### 33.

At all times material hereto, Defendant WILLIAMS was driving a commercial motor vehicle as defined under Georgia law.

### 34.

At all times material hereto, Defendant WILLIAMS was driving a commercial motor vehicle in interstate commerce.

### 35.

At all times material to this action, Defendant WILLIAMS had a legal duty to adhere to Georgia traffic laws.

### 36.

At all times material to this action, Defendant WILLIAMS had a legal duty to adhere to Georgia trucking safety regulations.

### 37.

At all times material to this action, Defendant WILLIAMS had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

38.

At all times material to this action, Defendant WILLIAMS had a legal duty to adhere to trucking industry standards.

39.

At all times material to this action, Defendant WILLIAMS had a duty to operate his commercial vehicle in a safe and prudent manner.

40.

At all times material to this action, Defendant WILLIAMS had a duty to act in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of Plaintiff BARBER and the motoring public.  This duty included maintaining control of his vehicle, and all traffic laws and regulations.

41.

Defendant WILLIAMS in the operation of the tractor-trailer did the following among other things:

(a)     O.C.G.A §40-6-48 Improper Lane Change;

(b)     Caused contact to occur between his tractor-trailer and the vehicle occupied by Plaintiff BARBER;

(c)     Failed to drive defensively;

(d)     Failed to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff BARBER in particular, in grave danger;

(e)     Failed to adhere to safe driving principles expected of professional drivers;

(f)     Failed to operate the tractor-trailer in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

(g)     Failed to operate the tractor-trailer in a safe and prudent manner in view of the conditions that existed at the time of the subject collision; and

(h)     Otherwise failed to act reasonably and prudently as a professional driver should under the circumstances.

42.

Defendant WILLIAMS breached his duties and was negligent in at least one or more of the respects described in paragraph 36 above.

43.

Additionally, Defendant WILLIAMS' conduct violated Georgia law including but not limited to O.C.G.A. §40-6-48.  Each such violation constitutes negligence *per se*.

44.

Defendant WILLIAMS was negligent and/or negligent *per se* in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

45.

As a direct and proximate result of Defendant QUALITY CARRIERS' negligence, Plaintiff BARBER suffered severe personal injuries.

46.

As a direct and proximate result of Defendant QUALITY CARRIERS' negligence, Plaintiff BARBER incurred pain and suffering, medical expenses, and lost wages.

47.

Defendant WILLIAMS is liable to Plaintiff for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by Plaintiff as a direct and proximate result of his negligence.

## COUNT III: *RESPONDEAT SUPERIOR* AGAINST DEFENDANT QUALITY CARRIERS

48.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

49.

At all times material hereto, Defendant WILLIAMS was an employee of Defendant QUALITY CARRIERS.

50.

At all times material hereto, Defendant WILLIAMS was an agent of Defendant QUALITY CARRIERS.

51.

At all times material hereto, Defendant WILLIAMS was acting within the course and scope of his employment with Defendant QUALITY CARRIERS.

52.

At all times material hereto, Defendant WILLIAMS was acting within the course and scope of his agency with Defendant QUALITY CARRIERS.

53.

9

At all times material hereto, Defendant WILLIAMS was operating a commercial vehicle owned or exclusively controlled by Defendant QUALITY CARRIERS.

54.

At all times material hereto, Defendant WILLIAMS was operating a commercial vehicle with the permission of Defendant QUALITY CARRIERS.

55.

At all times material hereto, Defendant WILLIAMS was operating a commercial vehicle in furtherance of the business and financial interests of Defendant QUALITY CARRIERS.

56.

Defendant QUALITY CARRIERS are liable for the negligent actions and omissions of Defendant WILLIAMS pursuant to the doctrine of *respondeat superior* and the rules of agency.

57.

Defendant QUALITY CARRIERS are liable to Plaintiff BARBER for all damages she sustained as a direct and proximate result of the negligence of Defendant WILLIAMS.

58.

As a direct and proximate result of the negligence of Defendant WILLIAMS, for which Defendant QUALITY CARRIERS are liable, Plaintiff BARBER suffered serious permanent personal injuries.

59.

Defendant QUALITY CARRIERS are liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## COUNT IV:  NEGLIGENCE OF DEFENDANT QUALITY CARRIERS

60.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

61.

At all relevant times, Defendant QUALITY CARRIERS were motor carriers as defined by the Federal Motor Carrier Safety Regulations.

62.

At all relevant times, Defendant QUALITY CARRIERS were motor carriers as defined by Georgia law.

63.

At all relevant times, Defendant QUALITY CARRIERS have a legal duty to comply with the Federal Motor Carrier Safety Regulations.

64.

At all relevant times, Defendant QUALITY CARRIERS have a legal duty to comply with Georgia's trucking safety regulations.

65.

At all relevant times, Defendant QUALITY CARRIERS have a legal duty to comply with all trucking industry standards and practices.

66.

As an employer and motor carrier, Defendant QUALITY CARRIERS have a duty to act in a reasonable manner in connection with the hiring, qualifying, training, entrusting, supervising and retaining of Defendant WILLIAMS.

11

67.

Defendant QUALITY CARRIERS breached the aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant WILLIAMS.

68.

As a direct and proximate result of Defendant QUALITY CARRIERS' negligence, Plaintiff BARBER suffered severe personal injuries.

69.

As a direct and proximate result of Defendant QUALITY CARRIERS' negligence, Plaintiff BARBER incurred pain and suffering, medical expenses and lost wages.

70.

Defendant QUALITY CARRIERS are liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## COUNT V: DIRECT ACTION AGAINST
## OLD REPUBLIC INSURANCE COMPANY

71.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

72.

Defendant OLD REPUBLIC provided liability coverage for the tractor-trailer involved in the collision and Defendant QUALITY CARRIERS employees and/or agents, including Defendant WILLIAMS.

73.

Defendant OLD REPUBLIC was transacting business in the State of Georgia and in DeKalb County on the date of the subject collision and at all material times hereto.

74.

Defendant OLD REPUBLIC agreed to provide insurance coverage to Defendant WILLIAMS and/or QUALITY CARRIERS in consideration for the payment of insurance premiums.

75.

Plaintiff BARBER as a member of the public injured due to a motor carrier's negligence is a third-party beneficiary to the agreement between Defendant OLD REPUBLIC and Defendant QUALITY CARRIERS and WILLIAMS.

76.

Pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140, Defendant OLD REPUBLIC is subject to this Direct Action.

77.

Plaintiff is entitled to receive payments from OLD REPUBLIC for the tort liability of Defendant QUALITY CARRIERS and WILLIAMS.

**DAMAGES**

78.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

79.

13

As a proximate result of the negligence of Defendant WILLIAMS and/or QUALITY CARRIERS, Plaintiff BARBER suffered severe physical injuries.

80.

As a proximate result of the negligence of Defendant WILLIAMS and/or Defendant QUALITY CARRIERS, Plaintiff BARBER has endured and will continue to endure pain and suffering, including but not limited to, actual physical pain and suffering, mental anguish, interference with her normal living, interference with her enjoyment of life, loss of her capacity to labor and earn money, disability, impairment of her body's health and vigor, fear of the extent of her injuries, and limitations on her activities.

81.

As a proximate result of the negligence of Defendant WILLIAMS and/or Defendant QUALITY CARRIERS, Plaintiff BARBER has incurred past medical expenses and will continue to incur medical expenses related to this collision.

82.

As a proximate result of the negligence of Defendant WILLIAMS and/or Defendant QUALITY CARRIERS, Plaintiff BARBER incurred lost wages and will continue to incur lost wages in the future.

83.

Defendants are liable to Plaintiff for all injuries and damages allowed by law including all past and future damages set forth above.

**COUNT VI:  ATTORNEYS' FEES & COSTS PURSUANT TO
O.C.G.A. § 13-6-11**

84.

14

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

85.

There is no bona fide dispute as to Defendant WILLIAMS' and Defendant QUALITY CARRIERS' negligence (duty and breach) and in the event Defendant deny negligence (duty and breach) or otherwise act stubbornly litigious or cause Plaintiff unnecessary trouble and expense, Plaintiff provides notice that she will seek her expenses of litigation including her reasonable attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff BARBER prays that the following relief be granted:

(a)    A trial by a jury;

(b)    For Summons and Complaint to be issued against Defendants;

(c)    For judgment to be entered in favor of Plaintiff and against Defendants;

(d)    For Plaintiff to be awarded her special damages including past and future medical expenses and lost wages in an amount to be shown by the evidence at trial;

(e)    For Plaintiff to be awarded her general damages in an amount to be determined by the enlightened conscience of an impartial jury at trial;

(f)    For all costs and prejudgment interest to be cast against Defendants;

(g)    For Plaintiff to recover damages in an amount to be determined by the enlightened conscience of an impartial jury at trial; and

(h)    For all such further and general relief this Court deems equitable and just.

HOFFER & WEBB, LLC

_____

MICHAEL D. HOFFER

15

STATE COURT OF
DEKALB COUNTY, GA.
2/3/2021 10:35 PM
E-FILED
BY: Siana Smith

Georgia Bar No. 359493
*Counsel for Plaintiff*

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 Main
404-260-6191 Direct / Fax
mhoffer@hofferwebb.com

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JUNE BARBER, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| v. | ) | |
| | ) | 21A00551 |
| JOHN WILLIAMS, QUALITY | ) | |
| CARRIERS, INC., OLD REPUBLIC | ) | |
| INSURANCE, | ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANTS

COMES NOW, Plaintiff in the above-styled action, and serve these First Continuing Interrogatories upon Defendants, pursuant to Section 33 of the Georgia Civil Practice Act (O.C.G.A. § 9-11-33). Each Interrogatory shall be answered fully, completely, and in specific detail in writing and under oath. The Answers are to be signed by the person making them and the objections signed by the attorney making them. The party upon whom the Interrogatories have been served shall serve a copy of the Answers and objections, if any, within thirty (30) days after service of these Interrogatories, or forty-five (45) days after service of the Summons and Complaint, whichever is greater. Failure to timely respond to these Interrogatories may subject the Defendant to sanctions pursuant to O.C.G.A. § 9-11-37.

If the Defendant is unable to answer a question in its entirety, the question should be answered to the fullest extent possible. You are requested not to respond to any Interrogatory by referring to the responses to other Interrogatories or by adoption since each and every Interrogatory is subject to being introduced into evidence, and therefore, should be, for this purpose, complete in itself.

These Interrogatories are and shall be deemed to be continuing in nature so as to require supplemental answers and responses if you or your attorney obtains further information between the time your response is served and the time of trial. Any such supplemental response should be filed and served upon counsel for Plaintiff within fifteen (15) days from receipt of such additional information, but in any event, no later than at the time of the trial, in accordance with O.C.G.A. § 9-11-26(e). You are requested to amend any prior response if you subsequently learn that your original response was incorrect, or if you learn that although correctly made, your original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

<u>DEFINITIONS</u>

The following definitions are applicable to each of the following Interrogatories unless negated by context:

A.      The terms "DEFENDANT", "YOU", and "YOUR" are intended to and shall include the Defendant which has been served with these Interrogatories and also counsel for said party, as well as any and all agents, servants, employees, associates, representatives, investigators, or other persons acting on behalf of said Defendant, as well as any insurer or bonding company which may become obligated to indemnify the Defendant on account of liability of Defendant to Plaintiff determined in this matter.

B.      The term "PERSON" shall include any natural human being, association, firm, partnership, corporation, estate, or other legal entity.

C.      The term "DOCUMENT" is used in its broad and liberal sense and shall include any handwritten, typed, computer generated, printed, recorded, or graphic matter, however produced or reproduced, of any kind and description, regardless of origin or location, and whether

an original, master, duplicate, or copy, including, but by no means limited to, all papers, notes, books, periodicals, advertisements, logs, catalogs, drafts, applications, manuals, publications, photographs, correspondence, facsimile transmissions, e-mails, cablegrams, mailgrams, telegrams, memoranda, letters, documents, communications, reports, studies, analyses, pamphlets, calculations, projections, contracts, interoffice or intra office communication, charts, plans specifications, graphs, drawings, sketches, photographs, agreements, records, permits, surveys, data sheets, computer printouts, data processing cards, cassette tapes, videotapes, DVD's, diskettes, transcriptions of sound video recordings, audio and/or video recordings of any type, x-ray films or other medical films or tests, sketches, transparencies, illustrative medical charts, diagrams, articles, and every other written, typed, recorded, transcribed, filed or graphic matter, or other physical things containing information, including preliminary drafts of or marginal notes appearing on any document, however denominated.

      D.    The term "COMMUNICATION" shall mean the transmittal of information from one or more persons to another person or persons, whether the medium for such transmittal be oral, written, telephonic or electronic recording, etc.

      E.    The term "DATE" shall mean the exact day, month, and year, if ascertainable; otherwise, the term "DATE" shall mean the best available approximation (including relationships to other events).

      F.    The terms "OCCURRENCE", "INCIDENT", and "COLLISION" refer to the instant incident which forms the basis of, and which is the subject matter of, Plaintiff's Complaint.

      G.    Whenever in these Interrogatories you are requested to identify any PERSON, as defined above, you should provide the following information:

           (1)    full and correct legal name;

    (2)      most recent complete address and telephone number(s); and

    (3)      most recent place of employment, complete employment address, and employment telephone number(s).

H.     Whenever in these Interrogatories you are requested to identify any DOCUMENT, as defined above, you should provide the following information:

    (1)      The title or other means of identification of each such document;

    (2)      The date that each document was prepared;

    (3)      The name, address, and telephone number of the person(s) who prepared the document;

    (4)      The name, address and telephone number of person(s) currently in possession, custody or control of each document; and

    (5)      A description of the contents and subject matter of the document

## **INTERROGATORIES**

### 1.

Please state your full name, current residence address, date and place of birth, social security number, driver's license number and state(s) of issue.

### 2.

If you are married, please state your spouse's full name, the length of your marriage, whether you have previously been married, and whether you have any children. In the event you have previously been married, please state the full name of your former spouse(s) and the reason for the termination of each previous marriage. If you have any children, please state their full name(s) and age(s).

3.

In the event you ever have been charged with a criminal offense, please state the nature of each offense, the date charged, the disposition of the charge, the date of disposition and the court or courts in which the disposition of such charge or charges took place.

4.

Identify, as to JOHN WILLIAMS, all motor vehicle accidents and moving violations that he has been involved in within the past ten (10) years, including the date and location of such incident, the facts and circumstances of each, whether or not as a result of such incident you were charged with a traffic violation, and, if so, the ultimate disposition of said charge(s).

5.

Identify, as to JOHN WILLIAMS, and any/all internal disciplinary proceedings, citations, "write ups," or offenses of any sort during his employment with QUALITY CARRIERS, INC. ("QUALITY CARRIERS").

6.

Identify the type of driver's license that JOHN WILLIAMS possessed on the date of the subject incident, the date on which JOHN WILLIAMS acquired this license, and whether JOHN WILLIAMS ever has had his driver's license suspended or revoked.

7.

If JOHN WILLIAMS ever was a plaintiff or a defendant in a motor vehicle lawsuit of any kind prior to or subsequent to this litigation, please state the following:

     (a)      The names and status of all parties thereof;

     (b)      The name and address of the court where such action was filed;

     (c)      The year the action was filed;

(d)    The subject of the allegations made by or against you and the outcome of said lawsuit.

### 8.

If you have ever filed a petition in bankruptcy of any kind prior to or subsequent to this litigation, please state the following:

(a)    The style of the case;

(b)    The name and address of the court where such petition was filed;

(c)    The date the petition was filed;

(d)    The current status of the bankruptcy proceeding, including any date of discharge.

### 9.

Please state in detail your activities during the twenty-four (24) hour period immediately preceding the incident complained of in this action.

### 10.

Please state whether you consumed any alcohol, or any prescription or nonprescription medications or drugs during the twenty-four (24) hour period immediately preceding the incident complained of in this action.

### 11.

Please diagram by drawing or words the exact location of the occurrence of the incident complained of in this action.

### 12.

Please describe in detail each and every action, if any, you took to avoid the occurrence of the incident complained of in this action.

13.

Are you denying liability for the subject occurrence? If you contend that you are not liable for the subject occurrence, identify all facts and evidence upon which you base that contention.

14.

If you contend that the Plaintiff was contributorily negligent or committed any act or omission which you contend caused, contributed to or brought about the incident underlying this lawsuit, please state the facts upon which such allegation is based, the names and addresses of all individuals who support your contention, and the legal basis, if any, upon which said contention is based.

15.

Was JOHN WILLIAMS operating a vehicle owned by QUALITY CARRIERS at the time of this incident? If your answer is no, identify the owner of the transit bus.

16.

Was JOHN WILLIAMS acting within the course and scope of his employment with QUALITY CARRIERS at the time of the subject incident? If your answer is no, identify all facts and evidence supporting this contention.

13.

With reference to the operation of the vehicle described in the previous interrogatory, state where and when your trip began, where you were driving at the time of the incident (your destination), when you were due to arrive at your intended destination, and the names and addresses of all passengers in your vehicle at the time of the subject incident.

14.

Please state in detail how you contend the incident complained of in this action happened, giving all facts concerning the details of the events before and/or after the subject incident which had any bearing on the cause and manner of the happening of the collision, including, but not limited to, the conditions of the road and weather, the speed of the vehicles involved and the posted speed limit at the location of the incident.

15.

As to the vehicle which you were operating at the time of the subject incident, do you contend that any mechanical problem or malfunction contributed however slightly to the collision? If so, state with particularity the nature of the alleged mechanical problem or malfunction, how same contributed to the collision, the length of time you were aware of the alleged defect or malfunction, and the name and address of every individual with knowledge of the alleged defect or malfunction.

16.

If you contend that any other person or entity is or may be liable, in whole or in part, to the Plaintiff for injuries sustained in the subject collision, please state the reason and facts which support this contention, and the identity of said person or entity.

17.

Identify the substance of any and all statements made by the Plaintiff to any other individual with regard to the subject incident, including the identity of the person or persons to whom such statements were made and their relationship to you.

18.

Did you receive any citation related to the subject motor vehicle incident underlying this lawsuit from any law enforcement agency or officer? If so, state the type of charge, whether you attended any type of traffic court hearing, the plea(s) entered in relation to said charge(s), the court's finding with regard to same, the name and type of court attended, the names of all witnesses present during the hearing with regard to the subject incident, whether the court hearing was recorded in, any manner, and whether you were represented by legal counsel during the hearing.

19.

Please state in detail all injuries or complaints of injury, if any, you received as a result of the subject incident underlying this lawsuit, the names of all treating health care practitioners you consulted or treated with in regard to same, and the length of time, if any, you missed from work as a result.

20.

State whether you suffered from any type of physical, medical condition or impairment of your body or eyes at the time or the subject incident complained of in this action, the names of any treating health care practitioner(s) you treat with for said condition(s), and whether, to your knowledge, said condition(s) contributed in any manner to the incident complained of in this lawsuit.

21.

Please state the location and degree of any damage resulting to your vehicle as a result of the subject incident, the cost or estimated cost of repair for said damages, whether any photographs were taken of said damages, and the name and address of the location where said damages were repaired or which prepared an estimate(s) for said repair.

22.

State whether or not any type of surveillance, video surveillance or photographs has been conducted of or concerning the Plaintiff in this matter by any entity, insurance company, or any agent thereof; and if so, identify the custodian of such evidence and the substance of what such evidence shows.

23.

Do you contend that any of the injuries or damages complained of by the Plaintiff in this action were sustained in a prior or subsequent incident or were preexisting in whole or in part? If so, please state the facts upon which you base said contention and the injury with regard to which such contention is directed.

24.

State the name, address and employer of any person, including any party who, to your knowledge, information or belief:

(a)     Was an eyewitness to the incident complained of in this action;

(b)     Has some knowledge of any fact or circumstance upon which your defense(s) to Plaintiff' allegations of negligence, causation and damages is/arc based; and

(c)     As to any such person identified in your response to sub-paragraphs (a) and (b) please state your relationship to any such person, if any.

25.

Please describe each and every statement or report which to your knowledge, information or belief has been made by any person named in answer to the preceding interrogatory, giving as to each the date, the subject matter, the parties present when made and the form (whether oral, written, recorded, etc.).

26.

If there are any photographs, drawings or other graphic representations of the scene of the incident complained of in this action, any instnm1entality alleged to have caused the alleged damages, please fully describe each such photograph, drawing or graphic representation, giving as to each the elate and by whom it was made, the subject matter represented and the form (whether photographic print, transparency, diagram, plat, etc.).

27.

State the name, address and telephone number of each and every expert whom you expect to call as a witness at the trial of the case and with regard to such witness state the following:

(a)    The subject matter and substance of the facts and opinions upon which the expert is expected to testify;

(b)    A summary of the grounds for each opinion.

28.

State the name, address and telephone number of each and every expert whom you or your attorney have employed as an expert in the case and whom you do not expect to call as a witness and state with regard to each expert the facts and opinions held by such expert.

29.

Please state whether or not there was any liability insurance or self-insurance in force on the date of the subject incident which provides or may provide coverage for the incident complained of in this action and for each such insurance state:

(a)    The named insured in said policy;

(b)    The policy number;

(c)    The name of the insurer;

(d)     The policy period covering the subject incident;

(e)     Whether there has been any issuance of a reservations of rights letter to the insured or whether coverage has been denied or threatened denial; and

(f)     The limits of coverage for personal injury under each and every applicable policy of insurance.

30.

Was ANY VEHICLE involved in the subject collision equipped with any type or form of "black box" data recording device, microprocessor, "sensing and diagnostic module," or other type of device which was capable of recording vehicle events up to and including the subject collision such as vehicle speeds, acceleration/deceleration velocity measurements (i.e., Delta-V measurements), seatbelt, airbag, engine RPM, throttle position, and/or braking data? If so, identify whether such recordation device was triggered, the triggering event, the type and location of such device in the subject vehicle, and whether or not such data was downloaded, interpreted and/or otherwise preserved?

31.

If you intend to accept or you assert any Fee Shifting Claim under any law including, but not limited to, O.C.G.A. § 9-11-68 (Offer of Judgment or Settlement; Frivolous Claim), O.C.G.A. § 9-15-14 (Frivolous Claims and Defenses); O.C.G.A. § 51-7-80 through 85 (Abusive Litigation); or O.C.G.A. § 13-6-11 (Stubbornly Litigious, Unnecessary Trouble, if you assert a cross-claim or counter claim) (hereinafter collectively referred to as "Fee Shifting Claim(s)"), then answer tile following questions:

(a)     What is the date that each Fee Shifting Claim accrued?

(b)     What is the date that you gave notice to Plaintiff(s) of each Fee Shifting Claim?

(c)    Identify any and all documents concerning attorney's fees, attorney's billings, litigation costs, and any of the damages supporting each of your Fee Shifting Claim. For each such document, state the following information:

        1.    Names, addresses, phone numbers, and description of persons who performed any charged activity.

        2.    Description of each such charged activity.

        3.    Hourly rates for each person and time for each charged activity.

        4.    Location of such document or copies of such documents.

(d)    Identify all persons you expect to call as expert witnesses at any hearing or trial on any Fee Shirting Claim. For each such person, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion. Identify all documents submitted to any expert and any reports or other documents generated by such experts.

(e)    Did Defendant(s) receive any discount for attorney's fees or costs charged by Defendant's attorneys in this case?

(f)    Is there any written attorney's fees contract with Defendant's attorneys?

(g)    State the factual and legal basis for each Fee Shifting Claim.

32.

If you have filed or intend to file a motion to dismiss raising defenses set forth in O.C.G.A. § 9-11-12(b), or if you contend that any other person(s) should be joined as parties, please:

(a)    Specify with complete particularity the legal grounds for any such motion to dismiss;

(b)     State all facts, and identify all witnesses, documents, things and electronically stored information, which may provide or constitute evidence in support such motion to dismiss; and

(c)     Identify all persons who may be joined as parties, limited discovery needed to respond to such defenses or identify such persons shall be permitted until the court rules on such motion.

As to each person identified in response to this interrogatory, please state the full name, residence and work addresses, all telephone numbers, employer and job title.

As to each documents, things and electronically stored information identified in response to this interrogatory, please describe each item with sufficient specificity to identify each item for a motion to compel discovery, state its current location, and identify its current custodian.

33.

Do the Defendants have in their possession or under its control any medical reports, communications, or written material relating to the Plaintiff's medical condition prior to the incident underlying the Complaint in this matter? If so, identify the nature of each record, communication and written information, its author or writer, and the elate thereof. This request shall include all materials received or obtained from any nonparty or other entity and shall serve as a continuing request throughout the litigation of this matter.

34.

Do the Defendants have in their possession or under its control any medical reports, communications or written material relating to the Plaintiff's medical condition on the date of or subsequent to the incident underlying the Complaint in this matter? If so, identify the nature of each record, communication and written information, its author or writer and the date thereof. This

request shall include all materials received or obtained from any nonparty or other entity and shall

serve as a continuing request throughout the litigation of this matter.

HOFFER & WEBB, LLC

MICHAEL D. HOFFER
Georgia Bar No. 359493
*Counsel for Plaintiff*

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 Main
404-260-6191 Direct / Fax
mhoffer@hofferwebb.com

STATE COURT OF
DEKALB COUNTY, GA.
2/3/2021 10:35 PM
E-FILED
BY: Siana Smith

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JUNE BARBER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| **v.** ) | |
| ) | 21A00551 |
| **JOHN WILLIAMS, QUALITY** ) | |
| **CARRIERS, INC., OLD REPUBLIC** ) | |
| **INSURANCE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### PLAINTIFF'S FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANTS

COME NOW, Plaintiff in the above-styled action, and serves this First Request for Production of Documents and Notice to Produce upon Defendants, pursuant to Section 34 of the Georgia Civil Practice Act (O.C.G.A. § 9-11-34) and O.C.G.A. § 24-10-26. You are requested to produce the following documents hereinafter set forth, and permit the Plaintiff or someone acting on Plaintiff's behalf to inspect and copy said documents, on the thirtieth (30th) day after service upon you of this Request for Production of Documents, or on the forty-fifth (45th) day after service of the Summons and Complaint, whichever is greater.

Failure to timely respond to this Request for the Production of Documents may subject the Defendant to sanctions pursuant to O.C.G.A. § 9-11-37.

This Request for Production of Documents shall be deemed as continuing so as to require supplemental responses and production if you or your attorney obtains further documents between the time your response is served and the time of the trial. Any such supplemental response should be filed and supplemental documents served upon counsel for Plaintiffs within fifteen (15) days

from receipt of such additional documents or information, but in any event, no later than at the time of the trial, in accordance with O.C.G.A. § 9-11-26(e).

You are further notified to produce at the time of the taking of any deposition in the above-styled case, upon any hearing, upon any mediation, and upon the trial of the above-styled case the following documents and records, the same to be used as evidence by the Plaintiffs.

<u>DEFINITIONS</u>

The following definitions are applicable to each of the following Requests unless negated by context:

A.      The terms "DEFENDANT", "YOU", and "YOUR" are intended to and shall include the Defendant which has been served with these Requests, and also counsel for said party, as well as any and all agents, servants, employees, associates, representatives, investigators, or other persons acting on behalf of said Defendant, as well as any insurer or bonding company which may become obligated to indemnify the Defendant on account of liability of Defendant to Plaintiff determined in this matter.

B.      The term "PERSON" shall include any natural human being, association, firm, partnership, corporation, estate, or other legal entity.

C.      The term "DOCUMENT" is used in its broad and liberal sense and shall include any handwritten, typed, computer generated, printed, recorded, or graphic matter, however produced or reproduced, of any kind and description, regardless of origin or location, and whether an original, master, duplicate, or copy, including, but by no means limited to, all papers, notes, books, periodicals, advertisements, logs, catalogs, drafts, applications, manuals, publications, photographs, correspondence, facsimile transmissions, e-mails, cablegrams, mailgrams, telegrams, memoranda, letters, documents, communications, reports, studies, analyses, pamphlets,

calculations, projections, contracts, interoffice or intra office communication, charts, plans specifications, graphs, drawings, sketches, photographs, agreements, records, permits, surveys, data sheets, computer printouts, data processing cards, cassette tapes, videotapes, DVD's, diskettes, transcriptions of sound video recordings, audio and/or video recordings of any type, x-ray films or other medical films or tests, sketches, transparencies, illustrative medical charts, diagrams, articles, and every other written, typed, recorded, transcribed, filed or graphic matter, or other physical things containing information, including preliminary drafts of or marginal notes appearing on any document, however denominated.

D.      The term "COMMUNICATION" shall mean the transmittal of information from one or more persons to another person or persons, whether the medium for such transmittal be oral, written, telephonic or electronic recording, etc.

E.      The terms "OCCURRENCE", "INCIDENT", and "COLLISION" refer to the instant incident which forms the basis of, and which is the subject matter of, Plaintiff's Complaint.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

Please produce the complete employee/personnel file of JOHN WILLIAMS, including a copy of the driver's license he had at the time of the subject incident, and driver qualification file.

2.

Please produce all documents that you referred to in responding to Plaintiff's First Interrogatories to Defendants.

3.

Copies of any and all documents, citations, dispositions, court transcripts which are in your possession that relate to Plaintiff's Interrogatory No. 18.

4.

Any and all medical bills, reports, or medical records which are in your possession or the possession of your insurance company that relate to Plaintiff's Interrogatory No. 19.

5.

Any and all estimates or billing statements or salvage value statements, showing the repair to, or cost of repair of, the vehicle you were operating at the time of the subject incident, all as more fully described in your response to Plaintiff's Interrogatory No. 21.

6.

Copies of any and all transcripts, photographs or video tapes referred to in your response to Plaintiff's Interrogatory No. 22.

7.

Copies of any and all statements, recordings or transcripts of same taken by you or your insurance company or their representatives as described more fully in your response to Plaintiff's Interrogatory No. 25.

8.

Any and all documents, photographs and the like identified in your response to Plaintiff's Interrogatory No. 26.

9.

Any and all reports, notes, correspondence and the like which you, your insurance company or their representative has sent or received from any individual identified more fully in your response to Plaintiff's Interrogatories Nos. 27 and/or 28.

10.

Copies of any and all documents, correspondence, declarations sheet(s) or policies identified in your response to Plaintiff's Interrogatory No. 29.

11.

If you intend to assert or you assert any Fee Shifting Claim under any law including, but not limited to, O.C.G.A. § 9-11-68 (Offer of Judgment or Settlement; Frivolous Claim), O.C.G.A. § 9-15-14 (Frivolous Claims and Defenses); O.C.G.A. § 51-7-80 through 85 (Abusive Litigation); and O.C.G.A. § 13-6-11 (Stubbornly Litigious, Unnecessary Trouble; if you assert a cross-claim or counter claim) (Hereinafter collectively referred to as "Fee Shifting Claim(s)"), then produce to Plaintiff(s) the following:

(a) All documents concerning attorney's fees, attorney's billings, attorney's invoices, attorney's time sheets, litigation costs, deposition costs, copying costs, filing costs, and expert costs. Documents should include the following data:

    1. The name by which the file is referred;

    2. The description of each charged activity;

    3. The time charged for each charged activity;

    4. Total billings and payments on each billing; and

    5. Any attorneys, paralegals and/or other persons working on said file and the hourly rate of each such person at the time the activity was performed.

    6. Any contracts with Defendant's lawyers or experts in this case.

    7. All documents submitted to any expert and reports or other documents generated by such experts.

8.     All documents concerning the factual and legal basis for each Fee Shifting Claim.

### 12.

If you have filed or intend to file a motion to dismiss raising defenses set forth in O.C.G.A. § 9-ll-12(b), or you contend that any other person(s) should be joined as parties, please produce without omissions:

(a)     Each document, things and item of electronically stored information, which may provide or constitute evidence in support such motion to dismiss; and

(b)     Each document, things and item of electronically stored information, which may provide or constitute evidence in support of adding any potential parties.

### 13.

Please produce any medical records, communications, or written material relating to Plaintiff's medical condition either prior to, during, and/or subsequent to the collision involved in this case that Defendants, or their agents and counsel, have in their possession or control. This request shall include any materials obtained from a nonparty or other entity and shall serve as a continuing request throughout the litigation of this matter.

### 14.

Please produce the file for the subject 2019 BREN SEMI TRAILER, VIN# 10BAAB235KF0D6508, involved in the subject incident, including maintenance, inspection, and repair records

### 15.

Please produce a copy JOHN WILLIAMS' driver's daily logs for the 30 days preceding the subject incident.

16.

Please produce the bill of lading for the job that JOHN WILLIAMS was performing at the

time of the subject incident.

HOFFER & WEBB, LLC

_____

MICHAEL D. HOFFER

3190 Northeast Expressway, Suite 430    Georgia Bar No. 359493
Chamblee, Georgia 30341           *Counsel for Plaintiff*
404-260-6330 Main
404-260-6191 Direct / Fax
mhoffer@hofferwebb.com

STATE COURT OF
DEKALB COUNTY, GA.
2/3/2021 10:35 PM
E-FILED
BY: Siana Smith

Print Form

SHERIFF'S ENTRY OF SERVICE

Record ID 21004696

Civil Action No. 21A00551

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Date Filed February 3, 2021

Georgia, DeKalb COUNTY

June Barber

Attorney's Address

Michael D. Hoffer

3190 N.E. Expressway, Suite 430

Chamblee, GA 30341

Plaintiff

VS.

John Williams, et al.

RECEIVED

Name and Address of Party to Served

Quality Carriers c/o Corporation Service Co.

40 Technology Parkway South, Suite 300

Norcross, Georgia 30092

Defendant

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☒ Served the defendant Quality Carriers a corporation
by leaving a copy of the within action and summons with Alisha Smith
In charge of the office and place of doing business of said Corporation in this County. Interrogatories & Request for Production of Documents

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 22 day of February, 20 21

DEPUTY

M.E. Diaz 50176

**CLERK'S COPY**

STATE COURT OF
DEKALB COUNTY, GA.
3/2/2021 2:02 PM
E-FILED
BY: Monique Roberts

Record ID 2100 46946

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 21A00551

Date Filed February 3, 2021

Attorney's Address

Michael D. Hoffer

3190 N.E. Expressway, Suite 430

Chamblee, GA 30341

Name and Address of Party to Served

Old Republic Insurance Co. c/o The Prentice Hall Corporation

40 Technology Parkway South, Suite 300

Norcross, Georgia 30092

| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, DeKalb _____ COUNTY

June Barber

_____ Plaintiff

VS.

John Williams, et al.

_____ Defendant

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant *Old Republic Insurance Co.* a corporation

✗ by leaving a copy of the within action and summons with *Alisha Smith*
In charge of the office and place of doing business of said Corporation in this County. Interrogatories & Request for Production of Documents

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 22 day of February , 20 21

DEPUTY

M. E. D. 192 10/76 3

**CLERK'S COPY**

STATE COURT OF
DEKALB COUNTY, GA.
3/2/2021 2:02 PM
E-FILED
BY: Monique Roberts

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JUNE BARBER,

      Plaintiffs,

v.

JOHN WILLIAMS, QUALITY CARRIERS,
INC., and OLD REPUBLIC INSURANCE
CO.,

      Defendants.

CIVIL ACTION NUMBER
21A00551

## NOTICE OF APPEARANCE OF WM. DANIEL FLOYD AND KYLE A. FERENCE

COME NOW Wm. Daniel Floyd and Kyle A. Ference of Lewis Brisbois Bisgaard & Smith, LLP hereby give notice of their appearance as counsel of record for Defendants John Williams, Quality Carriers, Inc. and Old Republic Insurance Co.  All further notices, pleadings, and documents to be served on Defendants John Williams, Quality Carriers, Inc. and Old Republic Insurance Co. in this matter should be sent to the attention of Wm. Daniel Floyd and Kyle A. Ference at the address and email addresses below:

Wm. Daniel Floyd
Kyle A. Ference
Lewis Brisbois Bisgaard & Smith, LLP
1180 Peachtree Street, NE, Suite 2900
Atlanta, Georgia  30309
(404) 348-8585
Daniel.Floyd@lewisbrisbois.com
Kyle. Ference@lewisbrisbois.com

Respectfully submitted this 5th day of March,  2021.

*(signature to follow on next page)*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Kyle A. Ference* _____
Wm. Daniel Floyd
Georgia Bar No. 266490
Kyle A. Ference
Georgia Bar No. 683043

*Counsel for Defendants John Williams, Quality Carriers, Inc. and Old Republic Insurance Co.*

1180 Peachtree Street, NE
Suite 2900
Atlanta, Georgia  30309
404.348.8585 (Telephone)
404.467.8845 (Facsimile)
Daniel Floyd@lewisbrisbois.com
Kyle.Ference@lewisbrisbois.com

STATE COURT OF
DEKALB COUNTY, GA.
3/5/2021 12:49 PM
E-FILED
BY: Phyleta Knighton

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed a true and accurate copy of the foregoing ***NOTICE OF APPEARANCE OF BRANTLEY C. ROWLEN AND ANDREW T. CRAFT*** with the Clerk of Court utilizing the PeachCourt filing system, which automatically sends an electronic copy of same to all parties to this matter, as well as email and United States Mail, proper postage affixed, as follows:

Michael D. Hoffer
HOFFER & WEBB, LLC
3190 Northeast Expressway, Suite 430
Chamblee, GA 30341
mfhoffer@hofferwebb.com

*Counsel for Plaintiff*

This 5th day of March, 2021.

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Kyle A. Ference*
Kyle A. Ference
Georgia Bar No. 683043

*Counsel for Defendants John Williams, Quality Carriers, Inc. and Old Republic Insurance Co.*

1180 Peachtree Street, NE
Suite 2900
Atlanta, Georgia  30309
404.348.8585 (Telephone)
404.467.8845 (Facsimile)
Kyle.Ference@lewisbrisbois.com